IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

New York Life Insurance Company    :

      Plaintiff    :

v.    : Civil Case No. 3:13-CV-02110

Kelly O. Justofin    : (Judge Richard P. Conaboy)

and

Twila Bankes as Custodian for    :

KRB, a Minor

      Defendants.    :

FILED
SCRANTON

AUG 19 2014

PER_____CK_____
DEPUTY CLERK

## Memorandum

We consider here two motions by Defendant/Appellant Twila Bankes ("Bankes"). These motions (Docs. 56 and 59) have been briefed by the parties and are ripe for disposition. We shall consider them in the order in which they were filed.

**I.  Banks' Motion to Proceed In Forma Pauperis. (Doc. 56).**

By this motion Banks seeks to avoid prepaying the costs associated with her appeal to the Third Circuit from this Court's Order of March 25, 2014 (Doc. 36). Together with the motion, Bankes has filed an affidavit detailing the financial status of her household as required by Rule 24 (a)(1)(A) of the Federal Rules of Appellate Procedure. That affidavit reveals that the funds available to Banks far exceed those available to parties who are

1

properly afforded in forma pauperis status.[1]

Specifically, the affidavit indicates that Bankes' husband, whose income is relevant to this inquiry, earns wages of approximately $53,000.00 yearly and that they own a home (valued at $105,000.00) and two vehicles (valued in the aggregate at $31,000.00). The affidavit also indicates that Bankes has purchased a business which, while currently operating at a monthly loss of approximately $200.00 in the period of February through June of 2014, will, she hopes, ultimately become profitable within the next year. Bankes left employment with Rite Aid Corporation (where she had earned $825.00 per month from October 2009 through February 2014) to begin running the business she currently operates at a loss.

While stare decisis does not provide a wealth of examples to aid the Court in determining when one's means becomes so limited as to make one indigent, the Supreme Court has construed 28 U.S.C. § 1915 as "...designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989). The assets available to Bankes' household easily permit her to pay the filing fees associated with her appeal- -$500.00- -without imposing inordinate financial hardship.

---

[1] Opposing counsel has also taken the position that Bankes' appeal is frivolous and should be denied pursuant to 28 U.S.C. § 1915 (d). While the Court has some serious reservations regarding several of Bankes' grounds for appeal, our decision on her motion is based purely on her financial status.

It should also be noted that the only financial benefit to Bankes were she accorded in forma pauperis status is relief from the aforementioned filing fees. All other costs associated with her appeal would be borne by her.[2] Porter v. Department of the Treasury, 564 F. 3d. 176, 180, n. 3. Based upon Bankes' description of her financial situation, her application for in forma pauperis status will be denied.

II. **Bankes' Motion to Stay. (Doc. 58).**

Bankes' Motion to Stay seeks an order from this Court directing the Clerk of Court to continue holding the funds which are at the root of this lawsuit in escrow pending resolution of her appeal. Banks also requests that this Court not require that she post security in relation to the stay she seeks.

The Court believes it appropriate to grant the Motion to Stay and, as acknowledged by opposing counsel, "...as long as the funds are not released, requiring Bankes to post security for them would serve no purpose." (Doc. 61 at 11). Accordingly, the Motion to Stay will be granted and the Court will not issue an order requiring Banks to post security.

III. **Conclusion.**

For the reasons stated in the foregoing Memorandum, Bankes' Motion for In Forma Pauperis Status will be denied and her Motion

---

[2] Bankes faces no impending financial crisis should her appeal be unsuccessful due to the fact that her fee arrangement with counsel is on a purely contingent basis. (Doc. 56 at 10).

3

to Stay will be granted. An Order consistent with these conclusions will be filed contemporaneously herewith.

/s/ Richard P. Conaboy
Honorable Richard P. Conaboy
United States District Court

Dated: 8-19-14